# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FARO TECHNOLOGIES, INC.,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-13-Orl-19KRS**

**ROMER, INC., HEXAGON METROLOGY, INC.,**

**Defendants.**

---

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

**MOTION:** **PLAINTIFF FARO TECHNOLOGIES, INC.'S MOTION TO COMPEL THE DEPOSITIONS OF GERTE VEIBKE AND OLA ROLLEN (Doc. No. 116)**

**FILED:** **January 15, 2007**

---

**THEREON** it is **ORDERED** that the motion is **DENIED**.

**MOTION:** **DEFENDANT HEXAGON METROLOGY INC.'S MOTION . . . TO STAY DISCOVERY AND FOR A PROTECTIVE ORDER (Doc. No. 118)**

**FILED:** **January 16, 2007**

---

**THEREON** it is **ORDERED** that the motion is **DENIED** as to the motion to stay and **GRANTED** as to the motion for a protective order.

## I. BACKGROUND.

This case is one in a long series of litigation between Plaintiff Faro Technologies, Inc. (Faro) and Defendant Romer, Inc. (Romer). Faro and Romer manufacture and sell portable coordinate measuring machines (PCMMs) used in a variety of industries.

In the Amended Complaint, Faro alleges that Romer used Defendant Hexagon Metrology, Inc. (HMI) to help advertise and distribute its PCMMs. It alleges that Romer and HMI made false statements about Faro's PCMMs to customers and consumers through distribution of a "White Paper" written by Romer and through marketing materials that refer to Romer's PCMMs as "The World's Most Accurate." Faro alleges causes of action against Romer and HMI for false advertising in violation of the Lanham Act, 15 U.S.C. §1125(a), and violation of a common law protection against unfair competition.

HMI filed a motion to dismiss the Amended Complaint in November 2006. HMI seeks an order staying discovery as to it pending the resolution of that motion, arguing that discovery directed to HMI will not be needed if the motion is granted. Faro opposes the motion for a stay, arguing that discovery of HMI will be necessary even if it is dismissed as a party in this case. Faro also filed a motion to compel HMI to produce Gert Viebke and Ola Rollen, who it contends are or were directors of HMI, to give depositions in this case. HMI opposes that motion. The discovery deadline in this case is June 29, 2007.

## II. RELEVANT EVIDENCE.

Faro and HMI filed voluminous exhibits in support of their positions, most of which are irrelevant to the issues presented in the motions. I will summarize only those parts of the evidence necessary to resolve the present motions.

Hexagon AB is a metrology corporation located in Sweden. Doc. No. 130-2 (Delaney Decl.) ¶ 7. In 2000, Hexagon AB incorporated a holding company called Hexagon Holdings, Inc. (Hexagon Holdings) for the purpose of holding shares of Hexagon AB's U.S. operating companies. Hexagon Holdings is a subsidiary of Hexagon AB. *Id.* ¶ 8.

In about January 2001, Hexagon AB incorporated a U.S. company named Brown and Sharpe, Inc. (BSI). Delaney Decl. ¶¶ 9-10. As of January 16, 2006, Rollen and Viebke were listed as directors of BSI. Doc. No. 117 (1st Bruso Decl.), ex. 1 (BSI annual report). In April 2006, BSI changed its name to HMI. Delaney Decl. ¶ 11. Hexagon Holdings is the parent company of BSI n/k/a HMI. *Id.*

In August 2004, Hexagon Holdings acquired Romer, which had previously operated as an independent company. Delaney Decl. ¶ 14. In connection with the acquisition of Romer, Viebke prepared a Power Point Presentation in May 2004, which incorporated results of a study of PCMMs conducted by Dr. Philip Aldred. Doc. No. 127 (Gruber Decl.) ¶ 7(c); 1st Bruso Decl. exs. 7 & 8; Doc. No. 128 (Aldred Decl.) ¶ 5. The presentation states, among other things, that "[t]he Faro arms[1] shows the best results from an accuracy point of view," 1st Bruso Decl. ex. 7 at ROM 11390. Dr. Aldred avers that neither Viebke nor Rollen had any involvement in the testing

[1] Mark Delaney, Vice President and CFO of HMI and Romer, avers that the term "arms" refers to PCMMs. Delaney Decl. ¶ 6.

performed under his supervision. Aldred Decl. ¶ 7. Dr. Aldred further avers that this testing did not involve the Romer "Infinite" PCMM, but an earlier product manufactured by Romer. *Id.* ¶ 6. After Hexagon AB acquired Romer, Romer used BSI n/k/a HMI distribution channels to distribute some of its PCMMs. Delaney Decl. ¶ 14.

In March 2005, Romer prepared a document called the "White Paper," in which it compared the performance of the Romer "Infinite" PCMM to the performance of the Faro "Titanium" and "Platinum" PCMMs. Doc. No. 92-2. Romer is the sole author of the "White Paper," and distributed the "White Paper" to customers only on request. Delaney Decl. ¶ 16. HMI did not distribute the "White Paper." *Id*. ¶ 17.

Romer also prepared a product brochure that describes its "Infinite" PCMM as "The World's Most Accurate." Doc. No. 92-3. Romer is the sole author of the brochure. Delaney Decl. ¶ 18. The brochure's reference to Hexagon Metrology is a d/b/a, not a reference to HMI. *Id.* ¶ 20.

As of the filing of the present motions, Rollen continued to be a director of HMI, as well as CEO of Hexagon AB. Gruber Decl. ¶ 9. Viebke resigned his position with BSI n/k/a HMI in March 2006. *Id.* ¶ 6. Viebke continues to be an officer of Hexagon AB. *Id.* Both Rollen and Viebke reside and work outside the United States. Doc. No. 126 (Whidden Decl.) ¶ 3.

## III. ANALYSIS.

*A. Motion to Stay.*

A stay of all discovery as to HMI is not appropriate at this stage of the litigation. Granting such a stay would likely undermine the ability of the parties to complete discovery by the current deadline of June 29, 2007. Furthermore, it may be that HMI and its officers, agents and employees have discoverable information, whether or not HMI remains a party in this case.

However, after review of the discovery requests and requests for admissions propounded by Faro to HMI, good cause has been shown for issuance of a protective order because the pending requests are temporally and substantively overbroad. In any new requests (whether discovery requests or requests for admissions) Faro must limit its inquiries to information appropriately discoverable from HMI. To the extent that Faro seeks information about what occurred at Romer, those requests should be directed to Romer. To the extent that it seeks information about HMI's involvement in the advertising and distribution of Romer's PCMMs, its requests should be appropriately limited in time to the period after Romer began using HMI's distribution channels, and to PCMMs rather than HMI's distribution of products generally. Because the pending discovery requests and requests for admissions are not so limited, it is **ORDERED** that HMI need not respond to the requests for admission, requests for production of documents and interrogatories[2] that are the subject of the motion for a protective order. However, Faro may propound new discovery requests and requests for admission to HMI that are appropriately limited by time and subject matter.

---

[2] The interrogatories that are the subject of this protective order will not count as part of the twenty-five interrogatories, including parts and sub-parts, Faro may propound.

*B. Motion to Compel the Deposition of Viebke.*

Faro wishes to depose Viebke to inquire about his preparation of and knowledge about the matters presented in the March 2004 Power Point presentation. It proposes to notice this deposition, asserting that it may do so because Viebke is or was a director of HMI. The evidence presented establishes that Viebke is not currently an officer, director or managing agent of any party in the present litigation. Furthermore, Faro did not present any evidence that Viebke continues to act as a managing agent on behalf of HMI. *Compare Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 176 F.R.D. 75, 79 (W.D.N.Y. 1996)(permitting deposition of employee of foreign affiliate of corporate party because employee had direct knowledge of the facts at issue and traveled to the United States to present marketing information to corporate party's employees).

Federal Rule of Civil Procedure 30(b)(1) allows a party to notice the deposition of a particular officer, director, or managing director of a party. *See United States v. One Parcel of Real Estate at 5860 North Bay Road, Miami Beach, Fla.*, 121 F.R.D. 439, 440 (S.D. Fla. 1988)(citing *GTE Prods. Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987)). "A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*, 220 F.R.D. 235, 238 (S.D.N.Y. 2004) (citing *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930(RMB)(TH), 2002 WL 1159699 (S.D.N.Y. May 31, 2002) (collecting cases)). If a person does not qualify as an officer, director, or managing agent, he must be treated as a nonparty witness. If he is within the United States, the party seeking his testimony must subpoena him pursuant to Federal Rule of Civil Procedure 45. If he is outside the United States, the party

seeking his testimony must comply with the requirements of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the Hague Convention), 23 U.S.T. 2555. *Id.* at 238. The burden is on the examining party to establish the status of the witness, but any doubts are resolved in favor of the examining party. *Id.*

The evidence presented to the Court shows that Viebke is not currently an officer, director or managing agent of HMI or of Romer. Based on this evidence, Faro has failed to establish its burden of showing that Viebke may be deposed by notice. Accordingly, the motion to compel Viebke's deposition is **DENIED**.

*C. Motion to Compel the Deposition of Rollen.*

Rollen is the CEO of Hexagon AB and a director of HMI. Faro submits that Hexagon AB identified Rollen as the contact person during Hexagon AB's acquisition of Romer. Doc. No. 116 at 4. Therefore, Faro contends that Rollen will have direct personal knowledge of the various statements and documents it contends constitute false advertising and unfair competition.

Rollen is a high-level decisionmaker in his position as CEO of Hexagon AB and a director of HMI. Accordingly, HMI objects to producing Rollen for a deposition unless Faro demonstrates that Rollen has unique personal knowledge of facts relevant to the dispute. Doc. No. 125 at 13.

HMI's argument is persuasive. It may be appropriate to enter orders limiting depositions of senior management and other "high-level decisionmakers who are removed from the daily subjects of litigation," consistently with the requirements of Federal Rule of Civil Rule 26(b)(2), which provides that the Court should consider whether "the discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Baine v.*

*Gen. Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991)(collecting cases); *see also* M.D. Fla. Discovery Handbook, II(a)(6) ("If information is sought from an organization, counsel ordinarily should not seek in the first instance to take the deposition of the organization's senior management if someone else in the organization can be expected to have more direct and firsthand knowledge or information.").

Faro has not shown that Rollen has unique personal knowledge of the matters about which it wishes to inquire. Indeed, Faro has not shown that Rollen likely has any personal knowledge about these matters. Accordingly, Rollen will not be required to be deposed at this time, pending further discovery by Faro and a showing that Rollen has unique personal knowledge of facts at issue justifying a requirement that he appear at a deposition.

**DONE** and **ORDERED** in Orlando, Florida on February 12, 2007.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties